# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARY W. MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-907-TWP-DML |
| | ) | |
| RAY LAHOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Order (1) Addressing Request to Permit Filing by Fax, (2) Directing Treatment of Documents, (3) Addressing Contact with Court Staff, and (4) Directing Further Proceedings

As used in this Entry the term "2:49 Fax" refers to the 3-page enclosure received by the clerk's office at 2:49 p.m. on July 5, 2012, via a facsimile ("fax") sent by the plaintiff and the term "5:33 Fax" refers to the 1-page fax sent by the plaintiff received by the clerk's office at 5:33 p.m. on July 5, 2012.

### I. Request to Permit Filing by Fax

The 2:49 Fax includes the plaintiff's request that he be permitted to temporarily file a motion by fax. That request is **granted**, consistent with the following:

1.  The 2:49 Fax will be accepted for filing.

2.  The plaintiff may file the following categories of documents by fax:

    a.  Amended pleadings;

    b.  Motions; and

    c.  Responses to court orders.

3.  Plaintiff will be permitted to file pleadings and motions in this case by means of fax **until 4:30 p.m. on Friday, July 27, 2012**, and not thereafter.

4. The filing permitted by this Entry does not extend to documents or materials except those categories of documents specified above. For example, the submission of "evidence" by fax is not permitted by this Entry unless specifically directed by the court. Documents or materials received by fax other than those specified above will be returned unfiled with the notation: "Not authorized by court order."

5. A copy of file stamped documents filed in conformity with paragraph 2 of this Entry shall be mailed to the plaintiff.

6. Notification of rulings issued by the court will not be disseminated via fax to the plaintiff, but instead, will be mailed.

7. The specifications regarding facsimile filings may be modified by the Court if warranted by circumstances.

## II. Treatment of Documents

Consistent with the foregoing, the 2:49 Fax shall be filed and a file marked copy included with the plaintiff's copy of this Entry.

Also consistent with the foregoing, the 5:33 Fax that was received in the court chambers shall be returned unfiled with the plaintiff's copy of this Entry. The 5:33 Fax is not within the category of documents permitted to be filed by fax as the 5:33 Fax is a letter, nothing more. A letter is not a pleading or a motion and will not be accepted as a substitute therefor.

## III. Contact with Court Staff

The plaintiff was notified in the Entry of July 5, 2012, that court rulings are entered on the clerk's docket and that the plaintiff will be notified of such rulings as required by the *Federal Rules of Civil Procedure.* The plaintiff may also make reasonable inquiry of the clerk's office from time to time to ascertain whether a ruling has been made. He may do so in person in the clerk's office lobby in any of the four divisional offices and may do so by telephone during regular office hours. As a general rule, telephone calls are not returned, so there should be no contrary expectation. In addition, email communication between court staff and a litigant or others is inappropriate except when directed by the court. No such arrangements have been authorized in this case.

What can be expected from court staff in the course of litigation is information about a specific case—information accessible from the docket—and in some instances general information about court operations, such as location, facilities, limits on the use of recording and other electronic equipment, and so

forth. For general questions about the litigation process the office of the staff attorney may be contacted. This is sometimes known as the pro se office and can be reached at 317-229-3950. There is also a library available to the public in the Courthouse in Indianapolis, and the court has a website which has information and links to several resources. The court's website is www.insd.uscourts.gov.

### IV. Further Proceedings

The 2:49 Fax will be docketed as titled, that being "Emergency Motion to Correct Error; Motion to Withdraw Prior Motion for Review; Motion to Allow Temporary Filing by Fax."

#### A.

Once docketed, the Motion to Allow Temporary Filing by Fax is **granted in part and denied in part** as specified in Part II of this Entry, the Motion to Withdraw Prior Motion for Review is granted, and the Motion for Emergency Review [Dkt. 9] is **denied** as withdrawn.

#### B.

As to the Motion to Correct Error, it is based on the plaintiff's mistaking the decision of District Judge Gilbert for the decision of the Seventh Circuit Court of Appeals as cited in the Entry of July 3, 2012. The citation of 28 U.S.C. § 1915(e)(2)—applicable to all *in forma pauperis* proceedings, unlike the more narrow 28 U.S.C. § 1915A(b)—is precisely correct as intended and as written. *See Jaros v. Illinois Department of Corrections,* 2012 WL 2552125 (7th Cir. July 3, 2012).

The Emergency Motion to Correct Error is treated as a motion to reconsider. *See Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir. 1985)(a district court clearly has the "inherent power to modify or rescind interlocutory orders prior to final judgment"). As so treated, the Emergency Motion to Correct Error is **denied**. *See Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

#### C.

The plaintiff has been apprised of the process required by 28 U.S.C. § 1915(e)(2). The court will continue to engage that process with dispatch. Appropriate attention is being paid to plaintiffs' motion and an appropriate order will follow.

**D.**

The court has set forth instructions regarding Contact with Court Staff in Part III of this Entry so that plaintiff can be fully informed about access to the court's staff. Further, district judges—and by extension the court's staff—are not allowed to act as counsel or paralegal to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). This rule, as well as the court's role as an impartial forum and the nature of adversarial litigation, prevents the court from providing legal advice to a plaintiff or to any other litigant. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

Every effort must be made to respect the limits associated with the foregoing. Any other course is unacceptable. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court . . . ." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005)(citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993))(internal quotations omitted).

**IT IS SO ORDERED.**

Date: 07/06/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

GARY W. MOODY
299 1/2 Madison Street
Franklin, IN 46131