# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GARY W. MOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RAY LAHOOD in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| MICHAEL B. CLINE in his official capacity as the Commissioner of the INDIANA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) No. 1:12-cv-00907-TWP-DML |
| ROBERT F. TALLY in his official capacity as the Division Administrator - Indiana Department of the FEDERAL HIGHWAY ADMINISTRATION, | ) ) ) ) |
| VICTOR MENDEZ in his official capacity as Administrator of the FEDERAL HIGHWAY ADMINISTRATION, | ) ) ) ) |
| JOSEPH MCGUINNESS in his official capacity as Mayor of the City of Franklin, Indiana, | ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Recusal**

Under 28 U.S.C. ' 455(a), a federal judge must disqualify herself Ain any proceeding in which his impartiality might reasonably be questioned.@ *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). AThe standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer.@ *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) Aasks whether a reasonable person perceives a

significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry.@

The plaintiff seeks the recusal of the undersigned because he disagrees with the series of rulings his filings have prompted and is discontent with the pace at which the action is proceeding.

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.,* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.,* 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The plaintiff=s dissatisfaction with prior rulings by the undersigned is not evidence of bias nor is it otherwise a valid basis for a change of judge. *See United States v. Grinnell Corp.,* 384 U. S. 563, 583 (1966) ("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case"). The plaintiff=s suggestion otherwise is both frivolous and contrived. A judge is presumed to be impartial. United States v. Baskes, 687 F.2d 165, 170 (7th

Cir. 1981). A[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision.@ *In re Antar,* 71 F.3d 97, 101 (3d Cir. 1995). Section 455 Amust not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.@ *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)(*quoting Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir. 1986)). Neither is the statute intended to Abestow veto power over judges or to be used as a judge shopping device.@ *Id.*

Although this court is sufficiently occupied by cases in which disqualification is not sought, it will not and should not take flight from its responsibility to hear and decide the matters assigned to its docket on the basis of meritless filings such as those presented here by the plaintiff through his Amotion for recusal of Judge Pratt@ and his earlier "Statement to Judge Tanya Walton Pratt" filed on August 3, 2012. As stated in *New York City Housing Development Corporation v. Hart,* 796 F.2d 976, 980-81 (7th Cir. 1986):

> A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n.2 (7th Cir. 1985), a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *See also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

The disqualification of a judge is a serious matter and must not be based on conjecture or mere opinion of a party or of parties. A reasonable question concerning this judge=s impartiality, however, simply is not raised by the plaintiff=s filings.

There is no close call to make in this case. The mere filing of a motion to recuse does not require disqualification, and the plaintiff offers nothing of substance beyond his mere request.

The motion to recuse thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b). The other guides mentioned by the plaintiff do not establish either the procedure or the criteria for a judge's recusal.

The motion for recusal of Judge Pratt [dkt. 32] is **denied**.

**IT IS SO ORDERED.**

Date: 09/17/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Gary W. Moody
299 1/2 Madison Street
Franklin, IN 46131