## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GARY W. MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-907-TWP-DML |
| | ) | |
| RAY LAHOOD, in his official capacity | ) | |
| MICHAEL B. CLINE, | ) | |
| ROBERT F. TALLY, | ) | |
| VICTOR MENDEZ, and | ) | |
| JOSEPH MCGUINNESS | ) | |
| Defendants. | ) | |

**Entry Discussing Pending Motions**

**I.**

The motion for ruling on pending motions [Dkt. # 31] is granted. However, it is noted that the motions referred to in the motion for ruling are in fact *not* pending and were not pending at the time the motion was filed. Those motions were filed on July 2, 2012, concurrent with the complaint itself, and the motions were denied in paragraph 3 of the Entry issued on July 3, 2012.

**II.**

**A.**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to

1

pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948)).

Plaintiff Gary Moody sought *in forma pauperis* status. The statute authorizing the court to grant this status further provides that "the court shall dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). This provision applies to cases brought not only by prisoners but to cases brought by all indigent litigants. *Hutchinson v. Spink,* 126 F.3d 895, 899 (7th Cir. 1997).

Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v.Carter,* 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Conversely, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *see also Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008)(a complaint falls within this category if it "alleg[es] facts that show there is no viable claim@).

Mr. Moody's request to proceed *in forma pauperis* was granted by the Court on July 2, 2012 (see Dkt. #8). Thus, this action has proceeded without his payment of the filing fee. Mr. Moody now requests that the examination of the complaint for the purpose of § 1915(e)(2) be

bypassed. However, Congress has mandated the examination, *see Jones v. Bock,* 549 U.S. 199, 214 (2007), and Mr. Moody does not identify an exception to it. His motion to terminate the screening process in advance of the screening having taken place [Dkt. # 45] is therefore **denied.**

### B.

One of the claims asserted by Mr. Moody is that the defendants violated provisions of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332 *et seq.* This claim however, is not actionable in the manner presented. As Judge Barker has explained in a ruling issued earlier this year, the "NEPA does not confer a private right of action." *Citizens for Appropriate Rural Roads, Inc. v. LaHood*, 2012 WL 442747, *3 (S.D.Ind. Feb. 10, 2012)(citing cases). Instead, "review of agency action under the NEPA is governed by the [Administrative Procedures Act]." *Id.*

Accordingly, Moody's NEPA claim must be dismissed for failure to state a claim upon which relief can be granted.

### C.

The court noted in its Entry of August 31, 2012, (Dkt. # 40) that the Secretary of the Department of Transportation and two administrators of that agency were sued in their official capacities therefore the official capacity claims are redundant. The plaintiff was given a period of time in which to either seek to drop defendants Robert F. Tally and Victor Mendez or show cause why they should not be dropped as defendants because the Secretary of Transportation, Ray LaHood, is already a defendant.

The plaintiff opposes dropping any of the federal defendants, although not on any principled basis. There is no reason to engage in the redundancy. Based on his title as Director of the Federal Highway Administration, Victor Mendez, is a proper and sufficient defendant. The

other federal defendants, Mr. LaHood and Mr. Tally, are **dropped from the action and shall be terminated as parties.**

### D.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

### III.

The plaintiff shall have through October 10, 2012, in which to file a renewed motion for preliminary injunction.

### IV.

The motion seeking the issuance and service of process [Dkt. # 45] is granted to the extent consistent with the Order issued concurrent with that subject. That is, process shall be issued to defendant Victor Mendez.

Mr. Moody is again reminded that any item submitted to the clerk for filing must include a statement setting forth how and when a copy of that document was served on each opposing party or on opposing counsel.

**IT IS SO ORDERED.**

Date: 09/25/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

GARY W. MOODY
299 1/2 Madison Street
Franklin, IN 46131

All Electronically Registered Counsel